# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PEDRO GONZALES, *et al.*,<br><br>                    Plaintiffs,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN<br>POLICE DEPARTMENT, *et al.*,<br><br>                    Defendants. | Case No. 2:12-cv-01474-GMN-CWH<br><br>**FINDINGS AND RECOMMENDATION** |

This matter was referred to the undersigned Magistrate Judge on Plaintiffs' Application for Leave to Proceed *In Forma Pauperis* (#1), filed August 20, 2012.

Pursuant to 28 U.S.C. § 1914(a), a filing fee of $350.00 is required to commence a civil action in federal district court. The court may authorize the commencement of an action "without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

Plaintiffs submitted the affidavit required by § 1915(a) to show an inability to prepay fees and costs or give security for them. In the Application to Proceed *In Forma Pauperis*, Plaintiffs report that they receive $2,846.00 in Social Security payments per month. Plaintiffs indicate that they have approximately $2,000.00 in cash accounts. Additionally, Plaintiffs indicate that they are self-employed, but are unable to provide a dollar amount because payment is, apparently, sporadic. Plaintiffs provide no details, but it appears that they also received unemployment benefits during the 12 months prior to filing this lawsuit. Plaintiffs own two vehicles. Plaintiffs list their total monthly expenses at $2,787.40, which includes a monthly payment for malpractice insurance. Based on the information in Plaintiffs' application, the Court finds that Plaintiffs' income is sufficient to pay the filing fee in this case. *See Ross v. San Diego County*, 2008 WL 440413 (S.D. Cal. Feb. 14, 2008) (finding plaintiff did not qualify

to proceed *in forma pauperis* where she received $2,100 in disability payments, owned a car and house, and "carried significant debt"); *see also Samuel v. Nat'l Health Svs., Inc.*, 2006 WL 2884795 at *1 (E.D. Cal. Oct. 10, 2006) (denying IFP application where plaintiff received $752.40 per month in Supplemental Security Income and had received a $10,000.00 judgment and owned a van valued at $500.00) (*citing Green v. Cotton Concentration Co.*, 294 F.Supp. 34, 35 (D.C. Tex. 1968) (affidavit of indigency insufficient to establish indigency where both employed plaintiffs earned less than $350); *Matter of Anderson*, 130 B.R. 497, 500 (W.D. Mich. 1991) (earnings of $950 per month insufficient to show indigency where poverty level in Michigan was $6,620 per year)**;** *In re Fontaine*, 10 B.R. 175, 177 (D. R.I. 1981) (no indigency where weekly net pay of $132, no dependents, and lived with mother to whom she paid $25 per week); *Rucker v. County of Santa Clara*, 2003 WL 21440151 (N.D. Cal. June 17, 2003) (sufficient showing of indigency where plaintiff received $748.42 per month, and that amount was exceeded by his outstanding monthly expenses and debt)).

      Plaintiffs' income and other assets exceed their expenses. Accordingly, the Court finds that Plaintiffs have not satisfied the indigency requirement of 28 U.S.C. § 1915(a)(1) and are able to pay the costs of commencing this action. Having concluded that Plaintiffs are not entitled at this time to proceed *in forma pauperis*, the Court need not screen the complaint under 28 U.S.C. § 1915(e)(2)(B), which requires the dismissal of the case at any time if the Court determines that it is frivolous or malicious or fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.

      Based on the foregoing and good cause appearing therefore,

### RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiffs' Application for Leave to Proceed *In Forma Pauperis* (#1) be **DENIED** and Plaintiffs required to pay the filing fee of $350.00 within thirty days from the date a final Order denying Plaintiff's Application is entered. Failure to comply with that Order will result in the Court recommending dismissal of this action with prejudice.

### NOTICE

      Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held

that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated this 27th day of November, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge