# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PEDRO GONZALES, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>Defendant(s). | 2:12-CV-1474 JCM (CWH) |

## ORDER

Presently before the court is defendant Clark County's motion to dismiss. (Doc. # 12). Plaintiffs have not filed a response in opposition and the deadline date for filing a response has passed.

*Pro se* plaintiffs filed the instant lawsuit against the following defendants: Las Vegas Metropolitan Police Department ("LVMPD"); two officers employed by LVMPD; the Social Security Administration ("SSA"); and, Clark County. LVMPD and one its officers answered the complaint. (Doc. # 16).

Defendant Clark County filed a motion to dismiss. (Doc. # 12). Plaintiffs filed a motion to extend time to respond to the motion to dismiss. (Doc. # 17). The court granted plaintiffs a thirty-day extension. (Doc. # 18). The thirty-day extension has passed and plaintiffs have not filed a response.

**James C. Mahan**
**U.S. District Judge**

1  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted
2  as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937,
3  1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a
4  complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the
5  line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Bell Atlantic*, 550 U.S.
6  at 557). However, where there are well pled factual allegations, the court should assume their
7  veracity and determine if they give rise to relief. *Id.* at 1950.

8  Pursuant to Local Rule 7-2(d), an opposing party's failure to file a timely response to any
9  motion constitutes the party's consent to the granting of the motion and is proper grounds for
10 dismissal. *U.S. v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979). However, prior to dismissal, the
11 district court is required to weigh several factors: "(1) the public's interest in expeditious resolution
12 of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)
13 the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic
14 sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *Henderson v. Duncan*, 779 F.2d
15 1421, 1423 (9th Cir. 1986)).

16 In light of the plaintiff's failure to respond and weighing the factors identified in *Ghazali*,
17 the court finds dismissal appropriate.

18 Accordingly,

19 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Clark County's
20 motion to dismiss (doc. # 12) be, and the same hereby, is GRANTED.

21 IT IS FURTHER ORDERED that defendant Clark County is dismissed from the action
22 without prejudice.

23 DATED July 3, 2013.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -